Milligan, J.,
delivered the opinion of the court:
The steamer Ocean Wave, of which the claimant was the lawful owner, entered the service of the United States under a regular charter-party, bearing date the 22d of April, 1864, a copy of which is attached to the petition. By the terms of the charter the vessel was to receive a compensation of $200 per day for each and every day she was employed, and to be returned to the Owner at New York in the same order as when received, ordinary wear and tear, damage by the elements, &c., excepted.
On the 4th of August, 1865, the Ocean Wave was ordered to New York, with instructions to report to Geu. S. Yan Yliet, assistant quartermaster, and on the 10th she reached her destination in good order. Her arrival was reported at the Quartermaster Department to Captain Jennings, then in charge . of the office, and entered on the books of the office.
Afterward the captain of the vessel reported daily for orders to Captain Jennings, until he was informed that he need not report any more; that he had the vessel on his books, and as soon as General Yan Yliet had decided what to do with her, whether he would discharge her or buy her, he would give him notice.
While General Yan Yliet had this matter under consideration, the parties interested frequently called on him in respect to his decision; and finally, on the 23d of August, 1865, on his *236 attention being called to the subject of discharging the vessel, he expressed surprise that Captain Jennings had not discharged her before, and soon after the following order was handed to Mr. Sturgis, who had been acting as agent of the steamer:
“Assistant Quartermaster’s Oeeice,
“ New York, August 23, 1865.
“ Sir : I would respectfully inform you that, in compliance with orders received from the Quartermaster-General, the steamship Ocean Wave was discharged from the service of the United States at 12 m. on the lltli instant.
“I am, sir, very respectfully, your obedient servant, “JOHN R. JENNINGS,
“ Captain and Assistant Quarter master.”
“Russell Sturgis, Esq.,
“ 68 South Street, New York.'’
Mr. Sturgis, either at that time or soon after, claimed compensation up to the date of the order of the vessel’s discharge.
The wages of the steamer have been paid up to the 11th of August, 1865, and this suit is prosecuted to recover them up to the 23d, the day on which the claimant had notice of her discharge.
On the facts presented a single question is raised for decision. The claimant insists on his right to recover the charter rates of his vessel up to the time the assistant quartermaster gave notice that she was discharged; and the defendants claim that the vessel was in fact discharged on the 11th day of August, as declared in the order of Captain Jennings.
By the terms of the charter party, the contract was to continue in force as long as the steamer may be required by the War Department; and for each and every day the vessel was employed she was to receive $200, and to be returned to her owner in good order in New York.
The order under which the vessel was sent to New York did not indicate the purpose for which she was sent. It was in all respects such an order as would have been given in the usual service of the ship under her charter; and when she arrived in port, her master fulfilled its requirements by reporting at General Yan Yliet’s office. No order was given for her discharge until the 23d, and up to that time the owner was not *237 free to employ his vessel in any other service, without violating his contract and rendering himself responsible to the Government.
The vessel was, to all intents and purposes, in the service of the defendants until the owner or his agent was informed of her discharge. The contract was then ended; and it was not within the power of the quartermaster to deprive the claimant of the wages of his vessel by inserting, without notice to the claimant, an earlier date in the order directing her discharge.
Judgment will be entered for the claimant for the services of the steamer Ocean Wave from the 11th to the 23d of August, 1865, a period of twelve days, at the reduced rate of $121.50 per day, as claimed in the petition, which amounts to the sum of $1,458.
Nott, J., did not sit in this case, and took no part in the decision.